Ladies and gentlemen, please rise. This court is now in session. 3-15-08-61, People of the State of Illinois, at the lead by Don Duffy v. Sylvester Gawlak, appellant by Yasmeen Eakin. Good afternoon, your honors. May it please the court, my name is Yasmeen Eakin, and I represent the appellant Sylvester Gawlak. Our brief raises two issues, and both involve Mr. Gawlak's motion for DNA testing and how the manner in which the court heard and ruled on the motion denied him his due process rights. I intend to discuss both issues. However, the court's denial of Mr. Gawlak's constitutional right to hire an attorney is by itself grounds for reversing the court's ruling on his motion and remanding for a new hearing. How did the court deny him the right to hire an attorney? In this case, after Mr. Gawlak filed his motion, the state filed an objection, and on a subsequent date, private attorney Joe Brodsky appeared in court and indicated to the court that he intended to enter his appearance on Mr. Gawlak's DNA motion. And the state objected to him entering his appearance because the state argued that he should not be allowed to only enter his appearance on the DNA motion, and that he should also have to represent Mr. Gawlak on his separate post-conviction petition. And then the court agreed with the state and refused to allow Mr. Brodsky to enter his appearance. Didn't the court offer him the ability, he said, you can enter your appearance on the post-conviction? On the separate post-conviction petition, but that was a discrete action, and that was a separate proceeding. He was not required to enter his appearance on that case. And didn't the defendant already have two lawyers at that time, another private counsel and a public defender? He did. He did have other counsel. That's correct. So there was really no reason for the court to deny him counsel on the motion for DNA testing. His post-conviction counsel indicated that he refused to represent Mr. Gawlak on the motion for DNA testing. He would not do so. He said he was not going to adopt that motion, and he would not represent him on that. His other attorney was representative on the 2-1401 petition, and in fact, the court allowed that private attorney to enter his appearance, but just would not allow Mr. Brodsky to enter his appearance. And the reason this ruling violated Mr. Gawlak's rights is because in any judicial proceeding, criminal or civil, a person has a constitutional right to hire an attorney to represent him. As explained by the U.S. Supreme Court in Powell v. Alabama, this right is rooted in the Fifth Amendment, not the Sixth Amendment. And the right to be heard through counsel, it's based on the recognition that a lay person generally lacks the legal skills and the knowledge to prepare his case. So in that way, of course, he's going to benefit from the assistance of counsel. And so therefore, if a litigant is able to hire an attorney to represent him, the court can't refuse to allow counsel to do so. Are due process violations subject to harmless error review analysis? This particular error is not. This particular error is not. And I say that because as I pointed out in my brief, really this issue has not been litigated because the right to hire an attorney is so well understood that this type of an issue generally doesn't come up. In the two cases that I do cite, there's Patashnik, which is a Fifth Circuit case, and Melton, which is a Florida case where a litigant was denied the right to hire counsel. It was automatic reversal. And I think the reason it's automatic reversal is it's really equivalent to a Sixth Amendment denial of counsel because the right to be heard through a counsel that you hire is a fundamental constitutional right to be heard. And as Paul explained, this right is a basic element of due process. And it's so fundamental, such a fundamental right to such a hearing is a preliminary step to even passing an enforceable judgment. That's what makes it more in the lines of a structural error. It's also analogous to Sixth Amendment denial of right to counsel of choice cases, which I also have in my brief under Gonzales v. Lopez, which is a United States Supreme Court case in Childress, where the courts have also found that the denial of the right to counsel of choice requires reversal and no showing of prejudice. And again, it's because it affects really the framework of the proceedings themselves. It's not whether the proceedings were fair or not. The right itself is entitled to constitutional protection apart from the fairness of the proceedings. So in other words, this is not a quality of representation issue where we can assess counsel's performance and evaluate whether it affected the fairness of the proceedings based on other evidence. It's a complete denial of counsel. He had no other right to counsel under Section 116-3. This was his only right to counsel. And so there was no way to assess the harm of depriving him of this right. Well, he had counsel who refused to pursue this DNA testing motion, right? Yes. And presumably, if they did it because the motion had no merit, the – in Pallaby, Alabama, the Supreme Court said, you know, you can't arbitrarily refuse somebody to hire their own counsel. But they didn't say you couldn't do it. They said it just can't be arbitrary. Well, first, I would say in this case, it was arbitrary. It's arbitrary because whether or not Mr. Goblock's post-conviction counsel decided that he wasn't going to adopt the merits of that motion, that was not relevant to whether a different private attorney was willing to represent Mr. Goblock on that motion. Again, it doesn't go to the merits of the motion. It's Mr. Goblock's – right, and that really wasn't the basis for the court's denial of Mr. Brodsky – denying Mr. Brodsky the right to appear in his case. He didn't say, well, this motion really has no merit, so I'm just not going to let you do this. You know, I'm going to protect Mr. Goblock from you. I mean, that wasn't – that's not in the court's authority to do in this case. He had the absolute right, the right to hire your own attorney to represent yourself in any judicial proceeding. I would argue it's not based – it's not dependent on kind of an abuse of discretion standard. It's an absolute right, just like the Sixth Amendment right is. If you had a – for instance, an attorney who represented you on a motion to suppress and who wanted to enter their appearance, and the motion to suppress was really – maybe had no basis, the court couldn't deny the litigant the right to have an attorney at the motion to suppress. This is just a different constitutional right. It's a constitutional right rooted in the Fifth Amendment, and it's a constitutional right to be heard through counsel. And I guess that goes to, as well, maybe post-conviction counsel didn't really research – we don't know. That's the thing. We can't speculate as to the – what – why counsel – PC counsel didn't adopt this motion and why Mr. Brodsky thought there was merit to this motion and he was going to represent him. He may have thought – he may have interviewed other expert witnesses and found that there were grounds for the motion. Well, the state has no scientific evidence against the defendant, right, in the trial. That's correct. No DNA testing, no scientific evidence. Right. No fingerprints, no DNA, no nothing. So – but they did have plenty of other evidence. They had the victim saying, yeah, he did it. They had him in essence confessing. And so what's more DNA testing going to do? So it comes up negative to, okay, now we've double-tested everything and there's no scientific evidence. How's that going to change anything? First of all, Your Honor, I – Mr. Goblock didn't confess to doing the specific acts that occurred in this case. And they challenged the credibility of the – his statement and the taking of his statement. The fact that it wasn't recorded. They challenged those things. And as counsel argued in closing argument, during those three hours that Mr. Goblock was interviewed by the police, he said over and over, I didn't do it, I didn't do it, I didn't do it. Now, whether he made other statements that said, you know, things that happened were inappropriate, that did not prove that he did – at the same time, he also denied committing the acts. And in fact, if you look at how the state used the absence of scientific evidence, they actually argued that the absence of the evidence on the clothing corroborated their witness's testimony. Because she testified that the offender did not ejaculate and that immediately after the incident, she took a shower. Then they brought in their forensic expert and explained that this was why there was no DNA material found on her shirt or on her underwear. And so the state's theory was actually, it's the absence – that the absence of scientific evidence was consistent with her testimony. And it helped the state's case. That was the state's theory. The testing requested by Mr. Goblock is different because it's based on her testimony that the offender forcibly pulled down her underwear, sat on top of her, and lifted her shirt before committing the acts. And as Goblock tried to bring forth this expert testimony, he explained that if the touch DNA – if touch DNA, which is not the DNA material that the state was seeking at that time, was present on the clothing tested and excluded Mr. Goblock or identified a third party, her allegations against him would not be supported by the physical evidence. That's how it – that's how the testing could result in evidence relevant to his claim and in fact would contradict her allegations against him. It would show that – it had the potential to show that he was either falsely accused because it would show a factual situation that was very different from the one presented at trial or that someone else committed the offense if a third party was identified. So it's really not a case of, well, there was no scientific evidence. How could this possibly hurt him? In fact, the state used that – if you look at their closing arguments, they used that to corroborate the case because they knew they needed to bolster their case because it was just one witness. It was her word against – it was her testimony. That was it. That was the evidence. And her statements afterwards. But at the end of the day, it came down to her statements against him, her accusations against him. So there was potential merit to the issue. And because DNA – motions for DNA testing involved these specialized legal requirements and these more sophisticated arguments exactly like this, a real careful look at the facts and what was argued at trial and a specialized science. The importance of Mr. Goblock's right to hire an attorney was even more present. And especially also since the state filed an objection after he filed his motion. And therefore, by that time, clearly the proceedings had now turned adversarial. And with the full authority of the state and its resources being marshaled against Mr. Goblock. And what was the basis of the people's objection against? Mr. Goblock on his motion for DNA testing. They believed that he would also be required to represent him on his second stage post-conviction petition. But there is no such requirement under law. These were discrete actions. And as I said, the court a month earlier had allowed a private attorney to represent Mr. Goblock on his 2-1401 petition. So talk about arbitrary – that's the arbitrariness of the decision. There's no reason to allow a private attorney. What do you think led to that decision? I – I guess I can't speculate from the record what led to that decision. Yeah. I guess for these reasons – So you're saying it's an abuse of discretion standard? No, I don't think it's abuse of discretion standard. I think that it was an error. It was – I say it's the – the right to hire an attorney is of constitutional dimensions. And it's a prerequisite to a fundamentally fair hearing. And I – I don't think it's an abuse of discretion. When the court denies that right, the – it's ruling on the motion has to be reversed. It's automatic reverse. Well, that's your position. But what if it is an abuse of discretion? How would you – Or his constitutional right to hire an attorney. Or his constitutional right to be heard through counsel. There's simply no legal basis for the court to do so. And there was certainly no factual basis. Are these civil or criminal proceedings? These are – you know, it could be a quasi-criminal, quasi-civil. You put Pennsylvania's again versus Finley described post-conviction proceedings as civil proceedings. But it doesn't matter. It does not matter if it's criminal or civil. In any judicial proceeding, you have the right to hire an attorney. You have a right to hire an attorney and be heard through counsel who has the skills and who – to present your case for you. Counsel has two minutes. Does it – it's really not a record. But does it make any difference if the lawyer you want – the other lawyers won't pursue this, that the lawyer has a reputation for putting on dog and pony shows outside – little mini-circuses outside the Will County Courthouse when he's representing defendants? I don't think that that makes a difference. I don't think that those considerations would be appropriate for appeal. We are bound by the record in front of us. Had the court made a record as to that, maybe we could have looked at those reasons, if those were the reasons. I still don't think that he could have denied – I don't think it makes a difference. I think, again, this is an absolute right. I don't – it would be unprecedented to say – to deny the right to hire counsel, the right to be heard through counsel, and then rely on some type of reasoning – outside reasoning from the court to find that, you know, it was justified. I do not think that that's an appropriate consideration on appeal. Since my time is up, I will just say, Your Honors, our Supreme Court has emphasized that a defendant's right to due process in post-conviction proceedings is of critical importance. And here, Mr. Godlock was denied his due process right to hire an attorney. That alone requires reversal in this case and presents an expert witness who would have spoken directly to the issues in Mr. Godlock's motion. Therefore, I'm asking that this Court reverse the Court's ruling on the motion and simply remand for a new hearing on the motion. Thank you. Thank you. Good afternoon, Your Honors. Counsel. I think counsel's left out a couple facts. During these proceedings, after the defendant had filed his pro se motion for DNA testing, Mr. Brodsky appeared and he notified the Court that he intended to file a limited scope appearance pursuant to Supreme Court Rule 13c6. Rule 13c6 allows for an attorney to make a limited scope appearance on behalf of a party in a civil proceeding. The motion for DNA testing was available only to convicted criminals. And I'm posing that this is under the Code of Criminal Procedure. This is technically a criminal proceeding, not a civil one. Those motions for limited scope should be reviewed as an abuse of discretion on the part of the trial judge. This is not about a constitutional right to counsel. There is no constitutional right to counsel in these proceedings. This is not a constitutional issue. In the case of Paul v. Alabama, determined that in criminal cases, criminal defendants deserved appointed counsel in capital cases. That was the holding in that case. I don't see any applicability in this case. Nor have I been able to find anywhere under the case law in this state where a limited scope appearance was allowed in a criminal case, nor does the defendant cite one. The law is pretty clear that the right to counsel exists if the Constitution allows it or requires it, or if the statute provides for it. This statute doesn't provide for it, for example, like the Post-Conviction Hearing Act provides for counsel. This statute doesn't. It's silent on that issue. As to the defendant's petition. Well, how about the Constitution? Do you want to address that? What? The Constitution? Yeah, I think you said it in the last. There were three bases for the right to counsel. Two. The Constitution or statute. Okay. There is no constitutional right to an attorney under the statute. It's a statutory proceeding, not a constitutional one. If the statute allowed for counsel. Okay. That's why the public defender wouldn't represent this defendant on his motion for DNA testing because it's not part of what they represent the defendant on, post-conviction petition. It's a separate issue and he wouldn't take it on. They're not allowed to do that. And Mr. Brodsky didn't want to take on representing the defendant in total. He could have filed an appearance and that would have been accepted, but that's not what he wanted to do. Mr. Brodsky is the one who created this issue in its narrow form, which is under Supreme Court Rule 13. The defendant's petition itself failed to even make a prima facie case to move any further forward. I agree that there was a chain of custody as to this little girl's shirt, underwear, pajamas. This 10-year-old girl was the defendant's daughter who was over for a weekend visitation. She was downstairs in a basement room asleep when the defendant came down, laid down on top of her. He digitally penetrated her. There's doctors, physical evidence consistent with this digital penetration that she identified. After she told her mother, two days later she went to the hospital to have these exams and the police collected her clothing. Now, the defendant, and the defendant's brief, he admits that identity was not an issue. That he did not wish to testify at trial and he didn't testify. The defendant presented no evidence at trial. He merely rested his case, and then in closing argument, his theory was that this evidence did not prove guilt beyond reasonable doubt. That doesn't qualify as putting his identity at issue. This Court's case of People v. Grant, I think, controls this issue. I think it was very clear as to what identity is. That when identity is an issue at trial, a defendant must make some prima facie showing under these motions that there was an issue at trial, at trial, not afterwards, as to whether the defendant or somebody else committed the crime. The defendant didn't do that. This Court quotes that our legislature wanted post-conviction forensic testing to occur only in those cases where such testing could discover new evidence at sharp odds with the previously rendered guilty verdict based upon criminal acts that the defendant denied having engaged in. Now, having not done that, his identity is not an issue, it does not move forward. That's enough to dismiss this petition, period. But the trial judge went on and determined that even if we had gotten further, he did not think that this touch DNA forensic testing would provide any material relevance to the defendant's claim of actual innocence, because based upon the trial testimony and touch DNA producing the defendant's skin cells, do you think his skin cells are in his house? Do you think his skin cells might have sloughed off onto his 10-year-old daughter when he picked her up, when he hugged her, when they were in the house, or even perhaps while he was digitally penetrating her? Wouldn't be a bit surprised if that happened. Wouldn't be a bit surprised if two days later if there were any skin cells left, they might not show up. But neither of those situations would produce any material relevance, any materially relevant evidence. Now, there's one more thing that he would have to have done if he'd established a prima facie case, which he didn't. The testing that he wanted to use required the employment of scientific information. He had to show that it was accepted within the scientific community. That would be a reason to produce witnesses. But he didn't get that far. So this forensic scientist he wanted to have testify, no, I've dismissed your petition. We're not going there. So I don't see any error on the part of the trial judge. It appears from the facts that the statute was completely complied with. And I don't see that the defendant has shown that he was denied any constitutional right to counsel. Unless you have any other questions. Thank you, Your Honor. Mr. Kennedy. First, Your Honors, Rule 13C-6 is not where a counsel gets the authority to enter an appearance in a case. In this case, excuse me, the Constitution is where he got the authority to enter his appearance. The Fifth Amendment to the Constitution. Mr. Goblock's right to have an attorney, to hire an attorney to present his case. That's where the right comes from, not from 13C-6. 13C-6 is a vehicle for entering an appearance, and it provides some guidance under these circumstances where there are discrete actions. And Mr. Brodsky wanted to make clear that he was only representing Mr. Goblock on this case. But whether or not 13C-6 applies because it's a criminal or civil case is irrelevant here. The authority comes from the Constitution, which goes to... Well, is there compliance with 13C-6? I mean, let's set aside the constitutional right. I think my understanding of counsel's argument is that 13C-6 does not apply here because this is not a civil case. It's a criminal case. That's correct. I don't think that's correct. Whether it's a civil or criminal, I don't think is irrelevant. That's fine. 13C-6 applies to civil cases. I accept that. Wasn't that the basis for Mr. Brodsky's presentation of appearing for your client for the court? That wasn't the basis for his appearance. The basis for his appearance is that Mr. Goblock has a right to hire an attorney, and he hired Mr. Brodsky, and Mr. Brodsky has absolutely the authority to represent Mr. Goblock. I think that what Mr. Brodsky was trying to do... So he never represented the court. He was appearing under 13C-6. He said, I wish to appear under 13C-6 so that we limit, we define my representation. I think he was actually just trying to be helpful because that's what 13... The intent of 13C-6 is to make sure the parties are aware, you know, this is what I'm representing you on. I'm only representing you on this case that the court's aware. This is the only case I'm representing you on. It's helpful that way. Certainly it's helpful that way. And I don't see anything prohibiting it actually from applying to criminal cases in terms of a vehicle for how to enter your appearance. I don't see anything in the rule or in any other statute saying this can only be applied in criminal, excuse me, in civil proceedings. Well, it says an attorney may make a limited scope appearance on behalf of the party in a civil proceeding. I'm just quoting from the... That's correct, Your Honor, but it doesn't... Even if that's the case, applying 13C-6 does not preclude Mr. Brodsky from representing Mr. Goblock. 13C-6 could not be invoked as a way to block, impede his representation of him because Mr. Goblock has a Fifth Amendment right to have his representation. The Constitution, I guess I would say trumps this basically this procedural rule on how to enter your appearance in a case. It cannot block. It can't be the reverse. It cannot block. Well, wasn't that really the essence of the State's objection was that you're not entering an appearance on this case, you're just limiting it to 13C-6? I think yes, that the State was arguing you're limiting yourself to representation under this rule to only the DNA case, but you should have to also represent him on the post-conviction case as well. And so in that sense, I just don't think that 13C-6 should be read to counsel. I would also say the idea that there's no constitutional right under the statute, I think that's a little confused. There's no, under 116-3, there's no statutory right to counsel. There's no Sixth Amendment constitutional right, but that doesn't preclude a Fifth Amendment constitutional right. In fact, if you think of the Post-Conviction Act, there is a statutory right, but that doesn't preclude someone, again, from hiring an attorney, not at government expense, to also represent them on the post-conviction proceeding. So you're embedding it in the Fifth Amendment entirely. Yes, yes, because that's what Powell does, and I guess if I could just add with Powell, it says, in any case, civil or criminal, a state were arbitrarily to refuse to hear a party by counsel employed by an appearing for him, it reasonably may not be doubted that such refusal will be a denial of a hearing, and therefore a due process in the constitutional sense. And the again, Your Honors, Mr. Godlock was denied both his due process right to hire an attorney, and in regards to counsel saying that no prima facie case was established, certainly that was not the tenor of her argument in the brief. Her argument was more that Mr. Godlock did not show that it was materially relevant, and the idea that he didn't show that the testing method was scientifically accepted goes directly to the issue. He wanted to present an expert witness who could testify exactly to that issue so that the court could make a proper assessment on the merits of his motion. For those reasons, we would ask that this court reverse the court's ruling and remand for a new hearing. Thank you.